UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANESHJOU FAMILY LIMITED PARTNERSHIP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. _1:23-CV-137____ |
| VSD TRUST 2016-1; VSD 2016-1 TRS 1 LLC; VSD 2017-PLT1 LLC; and TRIMONT REAL ESTATE ADVISORS, LLC, | § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Western District of Texas:

1.     Trimont Real Estate Advisors, LLC ("Trimont") is a defendant in a civil action originally filed on April 5, 2022, by Plaintiff, Daneshjou Family Limited Partnership ("DFLP"), against VSD Trust 2016-1 ("VSD") and VSD 2016-1 TRS 1 LLC ("VSD TRS") in the 126th Judicial District Court of the State of Texas, County of Travis, entitled *Daneshjou Family Limited Partnership v. VSD Trust 2016-1, et al.*; Cause No. D-1-GN-22-001609. Copies of all state court papers are attached as **Exhibit No. 1**.

2.     DFLP filed its First Amended Original Petition on December 5, 2022 (the "Amended Petition"), which added VSD 2017-PLT1 LLC[1] and Trimont as Defendants. Trimont

_____

[1] VSD 2017-PLT1 LLC ("VSD 2017") is and was at the time of commencement of this action a defunct entity. A true and correct copy of a State of Delaware Certificate of Cancellation showing VSD 2017's cancellation in May 2019 is attached hereto as **Exhibit No. 2**. It appears DFLP attempted to serve VSD 2017 by mailing the Amended Petition to Cliff A. Wade, VSD and VSD TRS's counsel, via first class mail. The correspondence lists Mr. Wade as VSD 2017's "registered agent." Mr. Wade is not VSD 2017's registered agent, nor is he counsel for VSD 2017, as VSD 2017 is not an existing entity. A true and correct copy of this correspondence received by Mr. Wade (without attachments) is attached hereto as **Exhibit No. 3**.

has not yet been served with the Amended Petition—this notice of removal is filed within 30 days of service of the Amended Petition on Trimont and one year after commencement of the action and is timely filed under 28 U.S.C. § 1446(b).

3.    The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that every defendant is now and was at the time the action was commenced diverse in citizenship from the Plaintiff. No defendant is or was at the time the suit was commenced a citizen of the State of Texas.

4.    Plaintiff, DFLP, a limited partnership formed in the State of Texas, is and was at the time this action was commenced a citizen of the State of Texas, as its general partner, Daneshjou Holdings, LLC, is a citizen of Texas. A true and correct copy of a public record showing Daneshjou Holdings, LLC's general partnership in DFLP is attached hereto as **Exhibit No. 4**.

5.    Daneshjou Holdings, LLC is a citizen of Texas, as its members, Daneshjou Family Trust, Benny Daneshjou, and Sally Daneshjou, are citizens of Texas. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *see Favour Leasing, LLC v. Mulligan*, No. 05-13-01000-CV, 2014 Tex. App. LEXIS 9180, at *12 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (holding that a non-corporate artificial entity, such as a trust and limited liability company, is a citizen of each state of which its members are citizens). A true and correct copy of a public record showing Daneshjou Family Trust's membership in Daneshjou Holdings, LLC is attached hereto as **Exhibit No. 5**. A true and correct copy of Daneshjou Holdings, LLC's Articles of Organization showing Sally and Benny Daneshjou's membership is attached hereto as **Exhibit No. 6**.

6.    Benny and Sally Daneshjou are citizens of Texas, as they are and were at the time this action was commenced domiciled at 2300 Portofino Ridge Dr., Austin, Texas 78735. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. [La.] 1974) (holding that a natural person's domicile is the

place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom); *see also Henry v. USAA Fed. Sav. Bank*, No. SA-18-CV-01292-XR, 2019 U.S. Dist. LEXIS 6201, at *7 (W.D. Tex. 2019).

7.    Daneshjou Family Trust is and was at the time this action was commenced a citizen of Texas, as its trustee, Benny Daneshjou, is a citizen of Texas, as explained above. *See Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 n.6 (5th Cir. 2009) (the citizenship of a trust is that of its trustee). A true and correct copy of a public record listing Benny Daneshjou as trustee is attached hereto as **Exhibit No. 7**.

8.    Defendant, Trimont, is and was at the time this action was commenced a citizen of Delaware and Minnesota, as its sole member is and was Trimont Holdings, LLC, a citizen of Delaware and Minnesota. *See Carden*, 494 U.S. at 195; *see Mulligan*, No. 05-13-01000-CV, 2014 Tex. App. LEXIS 9180, at *12. A true and correct copy of a public record of the State of Texas showing Trimont Holdings, LLC's sole membership of Trimont is attached hereto as **Exhibit No. 8**.

9.    Trimont Holdings, LLC is and was a citizen of Delaware and Minnesota, as its sole member is Trimont Global Real Estate Advisors, LLC, a citizen of Delaware and Minnesota. *See id*. A true and correct copy of the Limited Liability Company Operating Agreement of Trimont Holdings, LLC showing Trimont Global Real Estate Advisors, LLC's sole membership is attached hereto as **Exhibit No. 9**.

10.    Trimont Global Real Estate Advisors, LLC is and was a citizen of Delaware and Minnesota as its sole member is The Värde TC Fund, L.P., a citizen of Delaware and Minnesota. A true and correct copy of the Second Amended and Restated Limited Liability Company

Agreement of Trimont Global Real Estate Advisors, LLC showing The Värde TC Fund, L.P.'s sole membership is attached hereto as **Exhibit No. 10**

11.    The Värde TC Fund, L.P. is and was a citizen of Delaware and Minnesota as its general partner, The Värde TC Fund GP, L.P., is and was a citizen of Delaware and Minnesota. *See* **Exhibit No. 10**.

12.    The Värde TC Fund GP, L.P., is and was a citizen of Delaware and Minnesota as its general partner, The Värde TC Fund UGP, LLC, is and was a citizen of Delaware and Minnesota. *See* **Exhibit No. 10**.

13.    The Värde TC Fund UGP, LLC is and was a citizen of Delaware and Minnesota as its sole member, Värde Partners, L.P., is and was a citizen of Delaware and Minnesota. *See* **Exhibit No. 10**.

14.    Värde Partners, L.P is and was a citizen of Delaware and Minnesota, as its general partner, Värde Partners, Inc., is and was a citizen of Delaware and Minnesota. *See* **Exhibit No. 10.**

15.    Värde Partners, Inc. is and was a citizen of Delaware and Minnesota, as it is a corporation incorporated under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced at 901 Marquette Avenue South, Suite 3300, Minneapolis, Minnesota. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding that a corporation is a citizen of any state or foreign country by which it has been incorporated and of the state or foreign country where it has its principal place of business).

16.    Defendant, VSD, a Delaware statutory trust, is and was at the time this action was commenced a citizen of Delaware, as its sole trustee, Wilmington Trust, National Association ("Wilmington"), a national banking association, and its beneficiary, The Värde Scratch and Dent Holdco LLC, are citizens of Delaware. *See Americold Realty Trust v. Conagra Foods, Inc*., 136 S.

Ct. 1012, 194 L. Ed. 2d 71 (2016) (explaining the exception to the general rule outlined in *Mullins* that the citizenship of a trust is that of its trustee—when a trust is sued in its *own* name instead of the name of its trustee, the citizenship of the trust is determined by looking to the citizenship of each of the trust's members, including the beneficiary); compare *Mullins*, 564 F.3d at 397 n.6; *see also Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 (5th Cir. 2017); *SGK Props., L.L.C. v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 940 (5th Cir. 2018); *Adams v. Bank of Am., N.A.*, No. A-17-CA-00646-SS, 2017 U.S. Dist. LEXIS 183844, at *5-6 (W.D. Tex. 2017). A true and correct copy of VSD's Trust Agreement showing Wilmington as sole trustee and The Värde Scratch and Dent Holdco LLC as beneficiary of VSD is attached hereto as **Exhibit No. 11**.

17.    Wilmington is a citizen of Delaware, as its main office is located in Delaware, as set forth in its articles of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (holding that a national bank is a citizen of the state where its main office, as designated in its articles of association); *see also Swoboda v. Ocwen Loan Servicing, LLC*, No. H-13-2986, 2016 U.S. Dist. LEXIS 172201, at *3 (S.D. Tex. 2016). A true and correct copy of a public record exhibiting Wilmington's Articles of Association are attached hereto as **Exhibit No. 12**.

18.    The Värde Scratch and Dent Holdco, LLC is and was a citizen of Delaware, as its sole member is The Värde Scratch and Dent Trust, a citizen of Delaware. *See Americold*, 136 S. Ct. at 1012. A true and correct copy of the Limited Liability Company Agreement of the Värde Scratch and Dent Holdco LLC showing The Värde Scratch and Dent Trust's sole membership is attached hereto as **Exhibit No. 13**.

19.    The Värde Scratch and Dent Trust is and was a citizen of Delaware, as its trustee, Delaware Trust Company, is a citizen of Delaware. A true and correct copy of the Amended and

Restated Trust Agreement of The Värde Scratch and Dent Trust showing Delaware Trust Company as trustee is attached hereto as **Exhibit No. 14**.

20.     The Delaware Trust Company is and was a citizen of Delaware, as it is a corporation incorporated under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced in Wilmington, Delaware 19808. *See Hertz*, 559 U.S. at 80.

21.     Defendant, VSD TRS, is and was at the time this action was commenced a citizen of Delaware, as its sole member is VSD 2016-1 TRS HoldCo LLC, a citizen of Delaware. *See Carden*, 494 U.S. at 195; *see Mulligan*, No. 05-13-01000-CV, 2014 Tex. App. LEXIS 9180, at *12. A true and correct copy of the Limited Liability Company Agreement of VSD TRS showing VSD 2016-1 TRS HoldCo LLC's sole membership is attached hereto as **Exhibit No. 15**.

22.     VSD 2016-1 TRS HoldCo LLC is a citizen of Delaware, as its sole member is VSD. As explained above, VSD is a citizen of Delaware. A true and correct copy of the Limited Liability Company Agreement of  VSD 2016-1 TRS HoldCo LLC showing VSD's sole membership is attached hereto as **Exhibit No. 16**.

23.     The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. Should DFLP prevail on the claim against defendant stated in the Amended Petition, attached to this Notice, DFLP would assert damages in excess of $75,000.

24.     Removal of this action is proper under 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff, DFLP, and Defendants are diverse in citizenship.

25.    WHEREFORE, VSD Trust 2016-1; VSD 2016-1 TRS 1 LLC; and Trimont Real Estate Advisors, LLC, all the defendants in this action, join together and pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the civil action brought on April 5, 2022, in the 126th Judicial District Court of the State of Texas, County of Travis, entitled *Daneshjou Family Limited Partnership v. VSD Trust 2016-1, et al.*; Cause No. D-1-GN-22-001609 to this Court, on this February 10, 2023.

Respectfully submitted,

/s/ *Cliff A. Wade*
Cliff A. Wade
Texas Bar I.D. 24013699
*cliff.wade@mbl-law.com*

Chelsea Futrell
Texas Bar I.D. 24116400
*chelsea.futrell@bakerlopez.com*

Baker Lopez
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
(469) 206-9384

and

Mark Mayfield
Texas Bar I.D. 13284390
*mark@markmayfieldlaw.com*

Mark Mayfield Law, PLLC
200 Congress Avenue, Unit 22A
Austin, Texas 78701
(512) 970-9837

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

The undersigned certifies that the forgoing was served in accordance with the Federal Rules of Civil Procedure on February 10, 2023.

/s/ *Cliff A. Wade*